## In re PATTERSON.

(Circuit Court of Appeals, Sixth Circuit. February 14, 1913.)

### No. 2,278.

BANKRUPTCY (§ 340*)—CLAIMS—ALLOWANCE.

Where, during the four years following dissolution of a firm by the death of the senior member and the intervention of bankruptcy, the widow was paid by the continuing partner, from the business in cash and merchandise, $4,100, and the only showing as to the value of the deceased partner's interest which descended to the widow was the value at which it was inventoried in the settlement of the deceased partner's estate, which was $4,480, such amount having been paid to the widow in good faith and not being recoverable, in addition to the losses reasonably to be inferred from bankruptcy, would be regarded as having satisfied the widow's interest in the firm.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

Appeal from the District Court of the United States for the Eastern District of Michigan; Alexis C. Angell, Judge.

In the matter of bankruptcy proceedings of Jesse D. Patterson, doing business as R. S. & J. D. Patterson. From a decree affirming the referee's order, and allowing a claim of Evelina E. Patterson, the trustee appeals. Affirmed in part, and, as modified, remanded for further proceedings.

Moore & Wilson and J. A. Muir, all of Port Huron, Mich., for appellant.

C. L. Benedict and E. E. Stockwell, both of Port Huron, Mich., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This is an appeal from a decree affirming an allowance by the referee of a claim of Evelina E. Patterson against the estate of the bankrupt, J. D. Patterson, in the sum of $7,480 and interest. J. D. Patterson, engaged in business under the name of R. S. & J. D. Patterson, was adjudged bankrupt and James A. Muir was elected trustee in 1908. The claim in dispute as originally filed was for $16,436.62. According to the proof of claim, the consideration in part was a loan of $3,000 by claimant to the bankrupt, represented by his promissory note to her order dated October 1, 1907; the re-

mainder was the purchase price of a stock of jewelry, etc., stated to have been bought by the bankrupt of his father, R. S. Patterson (since deceased), supplemental proof being made stating that the sum owing on such purchase at the death of deceased was $12,041.46. For some time prior to September, 1903, R. S. Patterson and J. D. Patterson were copartners, trading under the name of R. S. & J. D. Patterson, at Port Huron, Mich. R. S. Patterson died testate in February, 1904, and claimant is his widow, sole legatee, and executrix, and the mother of the bankrupt.

Written objections were filed by the trustee and certain creditors to the allowance of this claim. Several issues of fact arose upon these objections. One was whether in September, 1903, J. D. Patterson purchased the interest of R. S. Patterson, in the copartnership business; another was whether the claimant became a partner in the business after the death of her husband. If in his lifetime the father sold his interest in the partnership to his son, the widow's right as sole legatee extended to whatever sum remained unpaid. If such sale did not take place, the effect of the death was to dissolve the partnership, and the effect of the will was to vest in the widow the undivided interest of the testator in the partnership assets. If in either event stated the widow entered into copartnership with her son, it is urged that the $3,000 claim in effect represents a loan to the firm and so to herself. The evidence is conflicting both as to the alleged sale by the father, and the subsequent partnership between the mother and son. The conclusions of the referee upon the evidence were against the theory of sale by the father or of partnership of the mother; and we are unable to discover any sufficient reason under the facts and the applicable law to disturb the confirmation of either of these conclusions.

However, we cannot sustain the portion of the award depending on a supposed sale or conversion of the undivided interest of the widow in the assets. The evidence was meager and unsatisfactory touching the value of the portion bequeathed. In the opinion of the referee it was worth $4,480. This value was fixed by appraisers, as shown in an inventory filed by the executrix in the probate court of St. Clair county. She never asked for an accounting and none was ever made as to her interest; and, apart from this appraised value, no steps were ever taken to have such value ascertained. The widow permitted her share to remain in the business from the time of the death of her husband until the institution of the bankruptcy proceedings, a period of about four years. The trustee claims that she has received the value of her interest. An account contained in a ledger used in the business and offered in evidence as the account of claimant shows that during the period mentioned she received from the business in moneys and merchandise upwards of $4,100. If there be added to this such losses as are reasonably to be inferred from the bankruptcy, we are constrained to believe that the widow has received the substantial value of her portion; but there is nothing to indicate that the payments to her were not made in good faith, and believed by both to be

rightful, or that any evasion of the bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) was contemplated by either; and so there would be no room for demanding repayment. We do not think she understood the nature of the claim she presented, so far as it related to her alleged share in the assets. She was more than 70 years of age, afflicted with serious infirmity of hearing, and without business experience. We might remand for a more complete hearing, but, looking to the interests of the creditors, including those of claimant, we are convinced that all will be benefited if this litigation is brought to a close. One object of the bankruptcy act is dispatch in the administration of estates; another is economic administration.

The claim upon the promissory note, with interest, as allowed by the referee and confirmed by the court below, must stand; the remainder of the claim will be denied; and the decree below is accordingly modified with costs, and the cause remanded for further proceedings not inconsistent with this opinion.